UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Lexington Division

| | |
|---|---|
| IN RE: | : |
| | : Chapter 13 |
| DAN R. REPASS and | : Case No. 11-51661 |
| KATHY L. REPASS, | : Judge Joseph M. Scott |
| | : |
| Debtors. | : |
| _____ | : |
| | : |
| JOSEPH BUSENHART, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Adversary No. 11-5045 |
| | : |
| vs: | : |
| | : |
| DAN R. REPASS and | : |
| KATHY L. REPASS, | : |
| | : |
| Defendants. | : |
| _____ | : |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Summary Judgment (Doc. 7) filed on behalf of the Defendants/Debtors, Dan R. Repass and Kathy L. Repass, the Response (Doc. 13) thereto filed on behalf of the Plaintiffs, J. Busenhart, Inc. and Joseph Busenhart (collectively, "Busenhart"), and on the Defendants' Reply (Doc. 15). A hearing was held on November 29, 2011, after which the Court took the matter under submission.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Upon consideration of the arguments of counsel, the Motion for Summary Judgment, the Response, the Reply, and the record in this case, the Court finds that the Motion for Summary Judgment shall be **GRANTED**.

**Facts**[1]

1. For a period of approximately six months in 2004, Mr. Busenhart and Debtors were involved in a joint venture engaged in the mobile advertising business. The business was dissolved in March 2005.

2. During the operation of the mobile advertising business venture, Mr. Busenhart shared with Mr. Repass information on marketing strategies, equipment costs and price points that he used for his limousine business and offered to sell a portion of Thoroughbred Limousine to Mr. Repass. Mr. Repass declined.

3. Approximately a month later, however, Debtors became involved in the limousine service in Jessamine County, apparently in competition with Busenhart.

4. Between June 2005 and September 2009, Mr. Busenhart and Debtors, engaged in numerous sophomoric internet postings about the other's personal and business lives. They further antagonized each other by adopting dba's or assumed names that arguably infringed upon each other's business names and/or purchased internet domain names that might be desirable by the other.

5. On December 22, 2009, Busenhart filed a complaint in Fayette County Circuit Court ("State Court Action") against the Debtors and several of Debtors' companies, Celebrity Limousine, Inc. ("Celebrity"), Boss Limousine, LLC ("Boss"), and Duct Dusters, Inc. ("Duct Dusters"). Celebrity and Boss are referred to collectively as the "Repass Entities".

6. In the State Court Action, Busenhart made the same allegations against the Debtors, Celebrity, Boss and Duct Dusters as is currently being made against the Debtors in this adversary proceeding.

7. Specifically, Busenhart alleged in the State Court Action and alleges in this adversary proceeding, that the Debtors are responsible for publishing a statement on the internet that "Joseph Busenhart, the owner of Thoroughbred Limousine, and Classic Limousine, is a DRUG DEALER, . . ."

---

[1] The Facts stated below are largely taken from the State Court Opinion as defined in paragraph 7.

Busenhart does not recite the entire quote in the adversary proceeding, but it is quoted in full in the State Court Opinion attached as Exhibit A to the Motion for Summary Judgment:

> X CONVICT: Joseph Busenhart, the owner of Thoroughbred Limousine, is a DRUG DEALER, CONVICTED FELON who served a year in prison in the State of New York for Criminal Sale of a Controlled Substance 3rd Degree. After serving a year in prison, he was released on Parole following incarceration. This particular crime is a class B Felony in The State of New York. This information can be verified by visiting the following link of the New York State Department of Corrections web-site and typing in the name: Joseph Busenhart.

*J. Busenhart, Inc. v. Celebrity Limousine, Inc.*, No. 09-CI-6832, slip op. at 10 (Ky. Fay. Cir. Ct. Jan. 11, 2011) [hereinafter "State Court Opinion"]. Multiple other postings were made by the parties, with apparently the worst being posted by Mr. Busenhart against the Debtors and being of such an offensive nature, that the state court judge found its content too graphic to include in the State Court Opinion. (State Court Opinion at 5).

8. When Debtors filed their bankruptcy on May 19, 2010, the State Court Action was stayed as against the Debtors but was allowed to proceed against the Repass Entities and Duct Dusters.

9. On summary judgment, the state court ruled against the Repass Entities and Duct Dusters because they did not respond to the motion for summary judgment filed by Busenhart in the State Court Action nor did the Repass Entities or Duct Dusters appear at the hearing on the motion for summary judgment.

10. The Repass Entities and Duct Dusters filed a motion to vacate the summary judgment, which was denied.

11. The state court held a hearing on December 13, 2010, on what damages, if any, Busenhart was owed by the Repass Entities and Duct Dusters ("State Court Damaged Hearing").

12. At the State Court Damages Hearing, Mr. Busenhart testified that income from sales for his limousine business(es) were as follows:

| Year | Income |
| --- | --- |
| 2002 | $214,000 |
| 2003 | $250,000 |

3

| | |
|---|---|
| 2004 | $215,000 |
| 2005 | $197,000 |
| 2006 | $335,000 |
| 2007 | $362,000 |
| 2008 | $412,000 |
| 2009 | $462,000 |
| 2010 | $560,000 |

Mr. Busenhart further testified that he could not determine how much he had lost in sales due to the posting mentioned in paragraph 7 above. (State Court Opinion at 9).

13. The State Court Opinion entered on January 11, 2011, dismissed Duct Dusters and found that Busenhart was not entitled to any damages from the Repass Entities.

14. In making its finding that Busenhart suffered no damages, the state court stated:

> Busenhart contends that the emails and publications sent out by Celebrity Limousine, Inc., and Boss Limousine, LLC regarding his status as a drug dealer constitutes defamation and that the words are libelous per se. To render words "libelous per se," the words must be of such character that a presumption of law will arise there from that the plaintiff has been degraded in the estimation of his friends or of the public or has suffered some other loss either in his property, character, reputation, or business or in his domestic or social relations. *Black's Law Dictionary, Revised Fourth Edition.* The evidence does not support such a finding. There was no evidence of harm to Busenhart's reputation, no evidence of humiliation or embarrassment nor any evidence of mental anguish. Mr. Busenhart gave as good as he got or worse. In fact, Mr. Busenhart told Mr. Repass to "bring it on."
>
> Busenhart's businesses continued to grow in sales throughout this period despite the economic downturn and despite the fact that many limousine companies were going bankrupt or were no longer doing business. Prior to the parties' mediation agreement, Busenhart posted unsavory comments and statements about Mr. Repass as well as incendiary comments about the Repass' daughter. The profanity and vulgarity used in Busenhart's commentary about Mr. Repass and his daughter shocks the conscious and should not be rewarded.
>
> Busenhart testified that he is seeking compensation for the "Buyer Beware" consumer alert statements and the "drug dealer" statements. First, Busenhart was not damaged by these statements and secondly, but for the word "is" instead of "was" a drug dealer, the language in the posts are substantially accurate with [a] link to a website to verify the information listed in the posting. . . .
>
> In reviewing the post as a whole, the only falsehood is the use of the present tense "is a drug dealer" instead of "was a drug dealer." The rest of the post is entirely true. Busenhart is an ex-convict. He is a convicted felon. Further, any person reading the post could link to the New York State Department of Corrections website, see the age of the conviction, and determine whether they think the post has merit. Busenhart did not introduce any evidence that the conviction had been expunged or that he had received a full pardon with restoration of rights. . . .

4

> Busenhart has failed to prove that he was harmed at all by the actions of the Repasses. Thus, he is not entitled to any compensatory or punitive damages. Although the Court granted summary judgment by default in favor of Busenhart against the defendant companies, Celebrity Limousine, Inc., and Boss Limousine LLC, the Court awards zero damages. . . .

(State Court Opinion at 9-12).

15. Busenhart filed a complaint to determine dischargeability of the debt of the Debtors under 11 U.S.C. §§ 523 & 1328. The complaint alleges that the Debtors committed "hundreds" of libelous and tortious acts that injured Busenhart and refers specifically to the posting in which Mr. Busenhart is referred to as a drug dealer. The complaint does not state under which subsection of § 523(a) the complaint is being brought, but it appears that § 523(a)(6) is the only applicable section.

**Standard for Motion for Summary Judgment**

Pursuant to Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56 applies in adversary proceedings.

> [O]n several occasions, the Court of Appeals for the Sixth Circuit has described the standard to grant a motion for summary judgment as follows:
>
>> A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court . . . that there is an absence of evidence to support the nonmoving party's case."

*Buckeye Retirement Co., LLC, Ltd., v. Swegan (In re Swegan)*, 383 B.R. 646, 652-53 (B.A.P. 6th Cir. 2008) (quoting *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir.1998)).

**Collateral Estoppel**

In their Motion for Summary Judgment, the Debtors argue that the State Court Opinion collaterally estops Busenhart from being awarded any damages for the actions of the Debtors alleged in this adversary proceeding. Busenhart argues that collateral estoppel does not apply because the judgment against the Repass Entities obtained in the State Court Action is not a judgment against the

5

Debtors individually or that the same parties are not involved in the adversary proceeding as were involved in the State Court Action.

This case is in an odd procedural posture with the Debtors skipping over a determination of whether Busenhart can prove a § 523(a)(6) nondischargeability action against them and jumping straight to the issue of whether Busenhart can or is entitled to the chance to prove damages. 11 U.S.C. § 523(a)(6) excepts from discharge debts arising from a "willful and malicious *injury* by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (emphasis added). For the discharge exception under § 523(a)(6) to apply an injury must have occurred, otherwise, there is no debt.

With respect to whether Busenhart suffered an injury because of the alleged actions of the Repass Entities, which were necessarily acting through the Debtors, the state court found that, "There was no evidence of harm to Busenhart's reputation, no evidence of humiliation or embarrassment nor any evidence of mental anguish" and "Busenhart has failed to prove that he was harmed *at all* by the actions of the Repasses. Thus, he is not entitled to any compensatory or punitive damages." (State Court Opinion at 10, 11 (emphasis added)). If Busenhart is collaterally estopped from relitigating the issue of whether he incurred an injury due to the actions of the Repasses, then based on the State Court Opinion, Busenhart did not incur any injury under § 523(a)(6) and summary judgment should be granted in favor of the Debtors.

> The doctrine of collateral estoppel dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case.

*Excel Energy, Inc. v. Smith (In re Commonwealth Institutional Sec., Inc.)*, 394 F.3d 401, 405 (6th Cir. 2005) (internal quotation marks and citations omitted). Under Kentucky law there are four requirements to be met for collateral estoppel or issue preclusion to apply:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

> (2) determination of the issue must have been necessary to the outcome of the prior proceeding;

6

>(3) the prior proceeding must have resulted in a final judgment on the merits; and
>
>(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Excel Energy, Inc.,* 394 F.3d at 405 (quoting *N.L.R.B. v. Kentucky May Coal Co., Inc.*, 89 F.3d 1235, 1239 (6th Cir. 1996)); *see also Marr v. Commonwealth Land Title Ins. Co.*, 307 Fed. App'x 952, 958 (6th Cir. 2009) ("Under Kentucky law, there are four elements to issue preclusion: (1) the issue in the second proceeding must be the same as the issue in the first; (2) the issue must have been actually litigated; (3) the issue must have been actually decided; and (4) the decision on the issue must have been a necessary component of the prior proceeding.").

Further, and of significant importance in this case, is that for collateral estoppel or issue preclusion to apply under Kentucky law, there is not a requirement of mutuality of parties. "[T]he [Kentucky Supreme Court] abandoned the mutuality requirement of *res judicata* in adopting non-mutual collateral estoppel, *applicable when at least the party to be bound is the same party in the prior action.*"  *Moore v. Commonwealth of Ky.*, 954 S.W.2d 317, 319 (Ky. 1997) (emphasis added) (citing *Sedley v. City of W. Buechel,* 461 S.W.2d 556, 559 (Ky. 1970)).

Reviewing each of the elements, the Court finds that opinion collateral estoppel applies because (1) Busenhart alleges damages against the Debtors based on the exact same set of facts already litigated against the Repass Entities and the state court determined that Busenhart suffered no damages; (2) determination of damages was a necessary component of the State Court Action; (3) the State Court Opinion is a final judgment and states as much and Busenhart has not asserted that any appeal was filed; and (4) Busenhart, the party against whom estoppel is sought, had a full and fair opportunity to litigate the issue of damages in the State Court Action.

## Conclusion

The issue of whether Busenhart has suffered an injury has already been litigated in the State Court Action. The state court determined that Busenhart has not suffered an injury due to the actions of the Debtors. Busenhart is collaterally stopped from relitigating that issue. As such,

7

Busenhart cannot prove all the elements necessary to maintain an action against the Debtors under 11 U.S.C. § 563(a)(6). The Motion for Summary Judgment shall be **GRANTED** and this adversary proceeding shall be **DISMISSED**.

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered accordingly.

**Copies to:**

Ginger C. Cord, Esq.
Joseph H. Wolfe, Esq.
Beverly M. Burden, Esq.
Philip Hanrahan, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, December 02, 2011
(jms)**